# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| JULIET JAMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-cv-03028 |
| | ) |
| CUTTING EDGE REALTY, LLC, AND JOHN GLIDWELL, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Cutting Edge Realty, LLC's ("Cutting Edge") and Defendant John Glidwell's ("Glidwell") (collectively, "Defendants") respective motions to dismiss Plaintiff Juliett James' first amended complaint (d/e 42). (d/e 45) & (d/e 49). Defendant Cutting Edge's motion to dismiss (d/e 45) and Defendant Glidwell's motion to dismiss (d/e 49) are both DENIED.

In this case, Plaintiff proceeds pro se, so the Court construes the amended complaint "liberally" and with "an understanding eye." Donald v. Cook Cty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996); Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001)

("Allegations of a pro se complaint are held 'to less stringent standards than formal pleadings drafted by lawyers.'" (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

In the amended complaint, Plaintiff alleges both Cutting Edge and Glidwell breached a contract worth $140,000 and in which Defendants would repair two properties located in the Central District of Illinois. See Am. Compl. (d/e 42) p. 6–7. Plaintiff also alleges Defendants' actions constitute fraud.

In response to Plaintiff's amended complaint, Defendants have filed separate motions to dismiss. Defendant Cutting Edge is represented by counsel while Defendant Glidwell proceeds pro se. Accordingly, Cutting Edge is held to the normal pleading standard while Glidwell is, like Plaintiff, held to the more understanding standard afforded to pro se litigants. See Donald, 95 F.3d at 555. However, both motions to dismiss fail even under the more liberal standard.

While neither Defendant states which section of Rule 12 under which each believes the Court should dismiss Plaintiff's amended complaint, the Court construes each motion as being brought under Rule 12(b)(6). See Kiebala v. Boris, 928 F.3d 680, 684 (7th

Cir. 2019) ("In addition to viewing a pro se complaint with an understanding eye, a district court may point a pro se litigant toward the correct procedure or take appropriate measures to permit the adjudication of pro se claims on the merits.") (internal citation and quotation omitted).  A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint.  Christensen v. Cty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007).  To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).  The Court accepts all well-pleaded allegations as true while construing all reasonable inferences in the plaintiff's favor such that the complaint is construed in the light most favorable to the plaintiff.  Id.

In Cutting Edge's motion to dismiss (d/e 45), Cutting Edge takes issue with various portions of Plaintiff's amended complaint. Specifically, Cutting Edge urges dismissal of the amended complaint because the amended complaint misstates venue as in the Northern District of Illinois rather than the Central District, because Plaintiff uses an indefinite identifier in "Defendants"

throughout the factual allegations, and because the amended complaint does not cite to a specific defendant's actions or a specific violation of law in either Count.

However, Cutting Edge does not cite any legal authority for the bases it urges, and the motion does not mention Rule 12 as the proper vehicle for dismissal.  Instead, Cutting Edge's motion asserts only skeletal, undeveloped, and perfunctory arguments which the Court will not consider.  United States v. Holm, 326 F.3d 872, 877 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel."); United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")  Accordingly, Defendant Cutting Edge's motion to dismiss is denied.

Defendant Glidwell's motion to dismiss is also denied.  In his motion to dismiss, Defendant Glidwell does not raise legal objections to Plaintiff's claims.  Instead, Glidwell disputes the

factual assertions of Plaintiff's amended complaint. But the Court accepts the factual allegations of the complaint as true at the motion to dismiss stage. <u>Keefe v. Marquette Cnty.</u>, 31 Fed.Appx. 334, 336 (7th Cir. 2002). At this stage, the complaint is only tested for legal sufficiency of the pleadings and neither are the parties' factual allegations weighed nor factual findings made. <u>Id.</u> Therefore, Defendant Glidwell's motion to dismiss is also denied.

Because neither defendant has adequately challenged the legal sufficiency of Plaintiff's amended complaint, each motion to dismiss (d/e 45) & (d/e 49) is denied without prejudice with leave to refile with an appropriate memorandum of law. Additionally, Plaintiff's second motion for leave to file an amended complaint (d/e 44) is ALLOWED. But, because the attached proposed second amended complaint differs from Plaintiff's first amended complaint only in correcting Cutting Edge's business identifier to "LLC" rather than "Inc.," the Court's rulings on Defendants' respective motions to dismiss remain unchanged.

Lastly, Defendant Glidwell's motion for e-mail communication (d/e 50) is GRANTED. The clerk is directed to include Plaintiff's e-mail stated in the motion for all future filings and updates from the

Court, and to correct the docket sheet to correctly list Defendant Cutting Edge as Cutting Edge, LLC.

**IT IS SO ORDERED.**
**ENTERED:  November 30, 2021**
**FOR THE COURT**

                                            /s/ Sue E. Myerscough
                                        **SUE E. MYERSCOUGH**
                                        **UNITED STATES DISTRICT JUDGE**