UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JULIETT JAMES, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 21-cv-3028-CRL-DJQ |
| CUTTING EDGE LLC and JOHN GLIDEWELL, | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Because Plaintiff Juliett James ("James") has refused to participate in multiple telephonic status conferences and was warned that her continued non-attendance could result in dismissal if she failed to appear or failed to show good cause for not appearing, the Court recommends that the District Court enter a Rule to Show cause ordering James to appear in-person at a hearing and show cause why the case should not be dismissed with prejudice for her failing to prosecute.

### I.  Procedural Background

On December 18, 2020, James acting *pro se*, filed her original complaint in the Northern District of Illinois instead of the Central District Illinois against Defendant Cutting Edge Realty, LLC. ("Cutting Edge"). (Doc. 1). Subsequently, after transfer and obtaining leave to add John G. Glidewell as a Defendant, it took until May 2021 for James to serve both named defendants. Motions to Dismiss were then briefed and ultimately denied by Judge Myerscough on December 2, 2021. After the motions to dismiss were

denied, there was no meaningful activity for two years until James filed a Second Amended Complaint on December 18, 2023.

On July 1, 2024, Magistrate Judge McNaught entered a show cause order warning James that she faced dismissal if she failed to comply with a prior order requiring her to complete initial disclosures and respond to motions to dismiss. On August 7, 2024, after James made a response, Magistrate Judge McNaught ordered James to provide Defendants with a list of witnesses and a copy of all documents in her custody that support her claims. Although it took a further order from Judge Lawless on October 16, 2024, James eventually complied on October 22, 2024.

On May 8, 2025, after Defendant Cutting Edge Realty, Inc. filed a motion to join parties to which James did not respond, Magistrate Judge Long added John Seth Glidewell[1] and J & S Powerwashing, LLC as necessary parties. On May 22, 2025, the Court gave Cutting Edge twenty-one days to file a pleading adding both John Seth Glidewell and J & S Powerwashing.  In response, on June 12, 2025, Defendant Cutting Edge filed a motion asking for a hearing because it had previously prayed that James be ordered to add John Seth Glidewell and J & S Powerwashing as defendants instead of adding them as third-party defendants.

On June 16, 2025, the Court granted the motion for a telephone hearing and set it for June 26, 2025, at 12:00 p.m. The June 26, 2025, date and time were set after James and the other parties confirmed their availability. On June 25, 2025, the Court received an

---

[1] John Seth Glidewell is the son of Defendant John G. Glidewell.

email from James saying an unspecified emergency had suddenly come up and that the hearing would need to be rescheduled. After making multiple unsuccessful attempts to contact James, on July 3, 2025, the Court re-scheduled the telephone hearing for July 9, 2025. On July 9, 2025, James did not appear. After she did not appear and did not answer her phone, the Court entered a text order rescheduling the hearing for July 30, 2025. In rescheduling the hearing, the Court noted that it "was not inclined to continue it further without very good cause." (Text Order 07/09/2025). James was also specifically warned that if she "fails to attend the July 30, 2025 phone hearing or fails to show good cause for not attending, she runs the risk of the case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id*. On July 30, 2025, James failed to call in for the scheduled hearing and also failed to answer her phone. On July 30, 2025, at the hearing, both Defendants concurred with the Court making a report and recommendation that the case be dismissed for failure to prosecute.

**II.    The Law**

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party... (A) fails to appear at a scheduling or other pretrial conference;...or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction for failing to comply with a court order.

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss.

3

. . ." District Courts also have the inherent authority to dismiss a case *sua sponte* for want of prosecution. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).

Because it is obviously better to have cases decided on the merits, before dismissal, fair notice must be given to a party or an attorney. *Ball v. City of Chicago*, 2 F.3d 752, 755-56 (7th Cir. 1993). After fair notice and an opportunity to cure, the decision to dismiss is straightforward. *Johnson v. Berrien County, Mich.,* 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020). However, "[c]ourts must "sparingly" exercise their authority to dismiss under these sources and only do so "when there is a clear record of delay or contumacious conduct." *Next Millennium Telecom Co. v. Am. Signal Corp.,* 112 F.4th 481, 484 (7th Cir. 2024) (quoting *Salata v. Weyerhaeuser Co.,* 757 F.3d 695, 699 (7th Cir. 2014)).

### III.    Analysis

James was warned that her continued non-appearance at a telephonic hearing necessary to address her filing an amended complaint to add necessary parties could result in dismissal. Her non-participation clearly prejudices the Defendants and delays an already old case. She has utterly failed to show cause. Thus, her conduct probably warrants dismissal now. Nevertheless, the Court believes that she should be given one final opportunity before the District Court to show cause before the case is dismissed with prejudice. The Court, however, also believes James should be required to appear in-person before the District Court to show cause.

### IV.    Conclusion

For the above reasons, the Court recommends that the District Court enter a Rule

to Show Cause mandating James appear in-person at a hearing and show cause why her case should not be dismissed with prejudice for her failure to prosecute.

ENTERED: July 30, 2025.

                                        s/Douglas J. Quivey
                                      DOUGLAS J. QUIVEY
                        UNITED STATES MAGISTRATE JUDGE